UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| MARCUS E. COFFEY | ) | |
| | ) | |
| v. | ) | NO. 2:09-CV-39 |
| | ) | |
| SOLLIE RABON; FIRST JUDICIAL | ) | |
| DRUG TASK FORCE; and JEFF | ) | |
| DEAN, Supervisor | ) | |

**MEMORANDUM and ORDER**

Marcus E. Coffey, a former prisoner, brings this *pro se* civil rights complaint under 42 U.S.C. § 1983. His application to proceed without prepayment of the filing fee is **GRANTED**. [Doc. 1].

Unfortunately for plaintiff, he has left completely blank the section of the preprinted form complaint which is provided for plaintiff's statement of his claims. This is important because to state a claim under 42 U.S.C. § 1983, plaintiff must show: (1) that he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States of America and (2) that the deprivation was caused by a person acting under the color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 1`49, 155 (1978). Here, the first element is missing: There has been no showing, or even allegation, that plaintiff was deprived of a constitutional or statutory right, privilege, or immunity.

However, in paragraph five of the complaint, in response to the directive, "[s]tate

BRIEFLY exactly what you want the Court to do for you," plaintiff has written: "I would like to receive (sic) all money lost due to this case and compensation."

If, based on the above statement and the defendants' identities, the Court broadly construes the complaint and infers that the case described as "this case" is a state criminal case against plaintiff; further infers that he was convicted of a state criminal offense; and, building upon those two inferences, rankly speculates that the damages are sought because plaintiff believes that his conviction was marred by some unidentified constitutional impropriety, this lawsuit could not proceed unless he could demonstrate that the conviction or sentence has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994); *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995) ("[N]o cause of action exists unless a conviction has been legally eliminated."). And of course, there is no indication in the pleading that this has happened.

For all the above reasons, a separate order shall enter dismissing this case for failure to state a valid section 1983 claim. 28 U.S.C. § 1915(e)(2).

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

2